# Heffelfinger *v.* Haas, Appellant.

*Principal and agent—Real estate brokers—Commissions—Employment—Evidence.*

In an action by a real estate broker to collect his commissions, a judgment for the plaintiff will be sustained, where the evidence shows that the plaintiff took the defendant to see the property, went with him to the agent who had charge of it for sale, and brought the parties together, although the transaction was finally consummated in his absence.

Argued Oct. 10, 1918. Appeal, No. 107, Oct. T., 1918, by defendant, from judgment of the Municipal Court of Philadelphia, Sept. T., 1917, No. 213, for plaintiff, in a case tried by the court without a jury, in suit of Atwood C. Heffelfinger v. Constantine Haas. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before BONNIWELL, J., without a jury.

The opinion of the Superior Court states the case.

The court entered judgment for plaintiff for $555.15. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*David Borton,* and with him *Jacob Singer* and *Emanuel Furth,* for appellant.

*Leo MacFarland,* for appellee.

OPINION BY HENDERSON, J., April 21, 1919:

This is an appeal brought to recover a commission alleged to be due by the defendant to the plaintiff for services as a real estate broker. An oral contract was proved by the plaintiff and the testimony of the latter is corroborated to some extent by admissions of the defendant.

The plaintiff took the defendant to see the property and went with him to the agent who had charge of it for sale. At a later time the defendant went to the office of the agent of the owner and arranged for the sale and the price. When the transaction was closed title was taken by the wife and the property leased to her husband, the defendant. The contradictory evidence was considered by the court and credit was given to the evidence offered by the plaintiff. An examination of the testimony does not convince us that the court was in error. The plaintiff brought the parties together; the price was agreed on; the arrangement for the taking of title in the name of the wife in the absence of the plaintiff was a matter over which he had no control. According to the testimony of the plaintiff the defendant agreed to pay him a commission of two per cent. on the sale of the property. The defendant alleged that this was accompanied by an agreement that the plaintiff would secure a mortgage on the premises to cover the purchase money. The plaintiff denies that he entered into any such arrangement. The court saw the witnesses and was qualified to judge of the credit to be accorded them. We do not find a sufficient reason for disturbing the judgment.

Judgment affirmed.